parties, I think it should be taken upon notice; and always so, unless on a motion for a rule to shew cause.

I doubt the propriety of granting the application.

*Judgment opened, to stand as security for the sum which may be recovered.*

CITED *in Van Wagenen* v. *Halsey*, 1 *Harr*. 351: *Cooper* v. *Galbraith*, 4 *Zab*. 220.

---

## HALSEY ADS. VAN WAGENEN AND OTHERS.

Matter of Practice.

*O. S. Halsted*, moved for leave to open the judgment in this case, upon reading the defendant's affidavit.

*H. W. Green*, for the plaintiffs, objected that the affidavit was taken without notice to them, and no copy of it served.

*Mr. Halsted*, referred to the case of *Condit* and *Crane* decided at this term.

HORNBLOWER, C. J. I always supposed that no notice of taking the affidavit of a party, is necessary.

The objection to the affidavit, being waived, it was read, stating that the judgment was entered by surprise, the joinder of issue on the demurrer, not being filed in time.

*Mr. Green.* The affidavit of a party, should not be heard on motion for rule *absolute*, to open a judgment; but only for a rule to *shew a cause. Rules of Supreme Court*, 20, affidavit, 1; 3 *Halst.* 160; 2 *Archb. Pr.* 11; *Coxe R.* 400; *Allen* ads. *Den, Hendrickson*, 3 *Green*, 102.

HORNBLOWER, C. J. I never understood the practice in this Court or at Westminster Hall, to be, that where a party's affidavit may be taken for a preliminary motion, that it must be

Halsey ads. Van Wagenen and Others.

on notice. If such be the rule, it ought to be altered. Every day's practice is otherwise. I cannot distinguish this case from that of *Condit* and *Crane*, (*ante* 349.) There was *laches* in that case, there is *laches* here. The defendant is an attorney of this Court, and should have attended to the case. The joinder in demurrer is a merely formal matter and much like a *similiter* on pleas of general issues. In the case of *Livingston* and *Smith* in the Circuit Court of United States, Judge Washington would not permit advantage to be taken on demurring to omissions or misplacing of names, but ordered the plea to be amended.

FORD, J. Laying aside any conversation out of doors between the parties, I see no necessity or utility of notice of taking an affidavit in such a case as this. The affidavit is good on a rule to shew cause. The plaintiff being in possession of a judgment and execution, can lose nothing by the rule applied for. The affidavit shews that the defendant has merits. Let the judgment be opened to let in a defence; the judgment and execution remaining as surety.

RYERSON, J. I entertain still my opinion expressed in the case of *Condit* and *Crane*. I think the old rule was either to give notice of taking affidavit, or serving a copy of it. The English practice, I believe, requires notice.

The Chief Justice observed, that there is no settled rule of practice in such cases.

BY THE COURT. Let the plea be amended during the term, as to the matter demurred to; and the judgment be opened, but standing together with the execution, as security for the plaintiff's claim.

*Rule granted.*